349 P.2d 716

**Sheldon NEWMAN, Plaintiff-Respondent,**

**v.**

**James E. GRAHAM, Marguerite Campbell, Curtis Eaton, John J. Peacock, and Claude Marcus, as the duly appointed, qualified and acting State Board of Education of the State of Idaho, and as Board of Trustees of Idaho State College, Defendants-Appellants.**

No. 8833.

Supreme Court of Idaho.

Feb. 24, 1960.

Frank L. Benson, Atty. Gen., Milton E. Zener, Special Asst. Atty. Gen., B. James Koehler, Jr., Asst. Atty. Gen., for appellants.

R. Don Bistline, Pocatello, for respondent.

KNUDSON, Justice.

The facts in this case have been stipulated to be:

That respondent (plaintiff) is twenty-five years of age and self-supporting, and that he has been continuously in the State of Idaho since September, 1957; that immediately prior to his coming to Idaho he had been in the military service of the United States where he had served for a period of four years; that prior to his entry into the military service he had been a resident of and domiciled in the State of Vermont; that in September, 1957, and shortly after his arrival in the State of Idaho, he enrolled as a regular student at Idaho State College at Pocatello, Idaho, for the school year 1957–1958 and was required to and did pay non-resident, out-of-state tuition for the academic school year com-

mencing September, 1957 and ending June, 1958;

That since his arrival in the State of Idaho in September, 1957, respondent has maintained continuous residence in and has not departed from this State;

That in September, 1958, respondent registered as a regular student at Idaho State College for the school year 1958–1959, commencing in September, 1958 and ending June, 1959; that respondent was required, upon registration in September, 1958, for such school year, to pay out-of-state tuition as a non-resident student; that respondent protested the assessment of such out-of-state, non-resident tuition, claiming he was a resident of the State of Idaho; that such protest was forwarded to the State Board of Education and by said Board disallowed by reason of the following regulation which has been adopted by said State Board of Education acting as trustees of Idaho State College, to-wit:

"Special Fees. Non-resident fee, (per semester) * * * $125.00.

"A student who has not been domiciled in Idaho more than six months preceding his first enrollment at Idaho State College is required to pay a tuition of $125.00 a semester in addition to the uniform schedule of fees of $69.25, making a total of $194.25.

" * * * Any person who is properly classified as a non-resident student retains that status throughout continuous regular term attendance at any institution of higher learning in Idaho."

That by reason of said regulation respondent has been classified as a non-resident student, and retains that status throughout continuous regular term attendance at Idaho State College;

That respondent has had no domicile or residence other than in Idaho since September, 1957; that he did register and vote in the Idaho 1958 election, and by reason of his continuous residence and domicile in the State of Idaho since September, 1957, has complied with all of the requirements for the establishment of residence in the State of Idaho, by both intent and actual residence, for all purposes except to qualify as a resident student under existing regulations of the State Board of Education (as set forth above) acting as Trustees for Idaho State College.

It is stipulated and agreed by the parties that the sole question for determination by the Court is:

"Whether the plaintiff who was properly classified as a non-resident student when he first enrolled at Idaho State College in September, 1957, can be required by regulations of the State Board of Education acting as Trustees

for Idaho State College, to retain such status throughout continuous regular term attendance at Idaho State College, as prescribed by the regulation of the Board quoted hereinabove, it being stipulated and agreed the plaintiff has been and has become a resident of and domiciled in the State of Idaho for all other purposes?"

The trial court adopted the stipulation of facts as and for its findings of fact and as conclusions of law found that the regulation, in part, is:

"arbitrary, capricious and unreasonable and is an attempt on the part of the State Board of Education by regulation to assume and usurp the power vested only in the Legislature of the State under its constitutional authority."

and entered judgment accordingly. This appeal is from said judgment.

Appellant assigns as error the action of the trial court in making its conclusions of law and the entry of the judgment based upon said conclusions.

By the initiation of this action respondent attacked the validity of I.C. § 33–3008 and said regulation upon two grounds: First, that the Legislature had no power or right to delegate to the Board of Trustees the right to fix residence in this matter; and secondly, that assuming the Legislature did have such power, the regulation is arbitrary,

capricious, unreasonable and unconstitutional. However, when this appeal was orally presented to this Court counsel for respondent informed the Court that he no longer questions the power or right of the State Board of Education acting as a Board of Trustees of Idaho State College (hereinafter referred to as Board) to ordain proper and necessary rules and regulations for the admission of students to Idaho State College (hereinafter referred to as College). Respondent's remaining contention is that the regulation here involved is arbitrary, capricious and unreasonable.

The Board was created and exists under the provisions of I.C. Ch. 1, Title 33. Among its powers and duties is the general supervision, government and control of said College as provided in I.C. § 33–3003, to-wit:

"Board of trustees.—The general supervision, government and control of the Idaho State College is vested in the state board of education, which shall act as the board of trustees of the Idaho State College."

Another statute pertinent to the question here involved is I.C. § 33–3008, which provides as follows:

"Rules for admission of students.— The board of trustees shall ordain such rules and regulations for the admission of students to said Idaho State College

as it shall deem necessary and proper. Students from other states, territories and countries may be admitted to all the privileges of said College upon paying such reasonable tuition fees as the trustees may prescribe."

The Legislature of this State not having provided who shall be admitted to the Idaho State College and having delegated the power to make rules and regulations necessary to the government of the College to the Board of Trustees, the Board is invested with the power of determining what qualifications shall be required of persons who may be admitted to the College, providing the rules and regulations in that regard are reasonable and not arbitrary. The reasonableness of such regulations is a question of law for the courts. Foley v. Benedict, 122 Tex. 193, 55 S.W.2d 805, 86 A.L.R. 477; 47 Am.Jur. 328, § 47.

Pursuant to the provisions of said I.C. § 33–3008, supra, the Board ordained the regulation designated "Special Fees" hereinbefore set out in the stipulated facts. Validity of the following quoted portion of said regulation is questioned by this action, to-wit:

"Any person who is properly classified as a non-resident student retains that status throughout continuous regular term attendance at any institution of higher learning in Idaho."

The regulation specifically provides that a student who has not been domiciled in Idaho more than six months preceding his first enrollment at the College is required to pay a tuition in addition to the uniform schedule of fees. It is clear that, under said regulation, more than mere residence is intended and required in order to entitle a student to a classification which will exempt him from the payment of tuition. While the words "residence" and "domicile" are frequently used interchangeably the distinction is aptly noted in the following from Bouvier's Law Dictionary, Rawle's Third Revision and quoted with approval in Reubelmann v. Reubelmann, 38 Idaho 159, 220 P. 404, 405, as:

" 'A residence is different from a domicile, although it is a matter of great importance in determining the place of domicile. The essential distinction between residence and domicile is that the first involves the intent to leave when the purpose for which one has taken up his abode ceases. The other has no such intent; the abiding is animus manendi. One may seek a place for the purpose of pleasure, of business or of health. If his intent be to remain, it becomes his domicile; if his intent be to leave as soon as his purpose is accomplished, it is his residence.' "

Since the Board exercises delegated power, its rules and regulations are of the same force as would be a like enactment of the Legislature, and its official interpretation placed upon the rule so enacted becomes a part of the rule. Foley v. Benedict, supra; 55 Am.Jur. 13, § 19; 14 C.J.S. Colleges and Universities § 26.

Under the interpretation placed upon the foregoing quoted regulation by the Board it would necessarily follow that a student who is a non-resident of the State at the time of initial enrollment at the College would, if he attends each regular term, retain such status throughout his entire college career irrespective of the fact that he may have become a bona fide resident and domiciled more than six months in the State during the intervening time. Under such interpretation it does not afford any opportunity to show a change of residential or domiciliary status and does in effect deny equality of opportunity to persons of the same class who are similarly situated and for that reason it is an unreasonable regulation. The authority of the Board, through its authorized agency or representative, to inquire into and ascertain an applicant's residential or domiciliary status is unquestioned. It is the denial to the applicant of an opportunity to be heard in the matter, within a reasonable time, that constitutes the objectionable feature of the regulation here considered.

It being stipulated that respondent has continuously resided and been domiciled in the State of Idaho since September, 1957, it is clear that he was improperly classified as a non-resident student upon registration for the regular term commencing in September, 1958. At that time (September, 1958) respondent had been domiciled in the State for more than six months and was entitled to be classified as other bona fide residents who had been domiciled in the State for the required six months period.

■ We conclude that the regulation as interpreted by the Board is arbitrary, capricious and unreasonable. To the extent that the judgment appealed from is in favor of respondent it is affirmed, however, the following quoted portion of the conclusions of law as determined by the trial court, to-wit:

"and is an attempt on the part of the State Board of Education by regulation to assume and usurp the power vested only in the Legislature of the State under its constitutional authority"

is in error. The cause is remanded with instructions to enter judgment in accordance herewith. Costs to respondent.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.